# EXHIBIT A

### DECLARATION OF BRENT E. NEWTON
### CONCERNING FEDERAL BUREAU OF PRISONS' PROGRAM
### STATEMENT P5100.08'S CRIMINAL HISTORY SCORE

I am over the age of 18 years and competent to make this declaration.

## I.  Introduction

I have been asked by the Public Defender Service of Washington, D.C., to prepare this analysis of the differences between the "criminal history score" provision in the Federal Bureau of Prisons' Program Statement P5100.08 and the provision in Chapter 4 of the federal sentencing guidelines (contained in the *United States Sentencing Guidelines Manual* promulgated by the United States Sentencing Commission).  I also have been asked to explain the history of, and rationale for, the sentencing guidelines' criminal history score provision.

As background, I served as an Assistant Federal Public Defender in the Southern District of Texas from June 1996 until May 2009.  I represented hundreds of clients at federal sentencing hearings that were governed by the federal sentencing guidelines and also handled many federal appeals with sentencing guidelines issues.  I frequently litigated factual and legal issues concerning Chapter 4's criminal history score calculations.  Thereafter, from May 2009 until January 2019, I served as the Deputy Staff Director of the United States Sentencing Commission, the second highest position among around 100 Commission staff members, where I worked on legal and empirical research and reports about, and amendments to, Chapter 4's criminal history

provisions. I also co-authored the history of the original version of the federal sentencing guidelines, which discusses the manner in which the first set of Commissioners developed Chapter 4.[1] I also have taught courses on sentencing law and policy as an adjunct professor of law at Georgetown University Law Center and published law review articles on federal sentencing issues.[2] Finally, I currently serve as a criminal justice consultant for Abt Associates, an applied social science research organization. I am currently working on a project that offers advice to the Bureau of Justice Statistics concerning the quality of state criminal records in misdemeanor cases.

## II.  Federal Sentencing Guidelines' Criminal History Provisions

Chapter 4 of the sentencing guidelines contains two guidelines, USSG §§ 4A1.1 & 4A1.2, that address the manner in which a federal defendant's criminal history score is calculated. Those guidelines and application notes following them are set forth in full in the **Appendix** to this report. A federal defendant's criminal history score is used to determine the defendant's Criminal History Category (CHC), I through VI, on the horizontal axis of the Sentencing Table in Chapter 5 of the *Sentencing Guidelines Manual*. The intersection of the defendant's CHC and "offense level" (a numerical assessment

---

[1] *The History of the Original United States Sentencing Commission, 1985-87*, 45 HOFSTRA L. REV. 1167, 1287-91 (2017) (co-authored with Dawinder Sidhu).

[2] *A Partial Fix of a Broken Guideline: A Proposed Amendment to Section 2G2.2 of the United States Sentencing Guidelines*, 70 CASE WESTERN RESERVE L. REV. 1 (2019); *The Story of Federal Probation,* 53 AMER. CRIM. L. REV. 311 (2016).

of the severity of the defendant's instant federal offense and any "relevant conduct")

determines the defendant's guideline sentencing range.

The key provisions of Chapter 4 are summarized as follows:

• Criminal history points are assessed based on **sentence lengths** associated with a defendant's prior convictions – with 3 points for prior sentences exceeding 13 months of incarceration; 2 points for prior sentences between 60 days and 13 months of incarceration; and 1 point (up to a total of 4 points) for prior sentences less than 60 days of incarceration (including probation and fine-only sentences).[3]

• 2 points are assessed (in additional to whatever points are assessed based on prior sentence lengths) if the defendant committed the instant federal offense while serving any type of "**criminal justice sentence**," including imprisonment, probation, parole, or supervised release, or while in escape status.[4]

• Prior convictions that encompassed "conduct . . . part of the instant offense" – what is referred to as "**relevant conduct**" under the guidelines – do not receive criminal history points unless there was an intervening arrest between the prior offense conduct and at least some conduct constituting the instant federal offense.[5]

• If multiple prior sentences were imposed on the same day or resulted from offenses charged in the same charging instrument, such sentences normally are treated as a "**single sentence**" (with the longest concurrent sentence counted or the aggregation of consecutive sentences counted). However, the guidelines instruct courts to add 1 point for each prior sentence resulting from a conviction of a "crime of violence" that did not receive any points because such sentence was treated with other sentences as part of a single sentence (up to a total of 3 points).[6]

---

[3] USSG § 4A1.1(a)-(c).

[4] USSG § 4A1.1(d).

[5] USSG § 4A1.2(a)(1); *see also United States v. Olson*, 373 F.3d 366, 373 (7th Cir. 2005) (noting "if the prior conviction stemmed from relevant conduct [with respect to the instant federal offense], then the defendant's criminal history score cannot be increased based on that prior conviction").

[6] USSG § 4A1.2(a)(2); *see also* § 4A1.1(e).

• The portion of a prior sentence that was **suspended** by a court is not counted; only actual sentences of incarceration in prior cases are counted.[7]

• Under Chapter 4, consideration of many types of **misdemeanor offenses** are excluded or limited. Numerous minor misdemeanor offenses are categorically excluded from consideration (*e.g.*, hitchhiking, public intoxication, vagrancy). Certain other more serious and common misdemeanor offenses (*e.g.*, reckless driving, contempt of court, driving without a license or with a revoked or suspended license, leaving the scene of an accident, prostitution, resisting arrest, trespassing) are not counted unless a sentence of at least 30 days of incarceration or more than one year of probation was imposed.[8]

• Chapter 4 limits consideration of prior sentences imposed when federal defendants were **juveniles**. Prior sentences exceeding 13 months imposed on defendants when they were less than 18 but certified as adults are treated like any other prior sentence exceeding 13 months and, thus, are not counted unless that sentence fell within the 15-year time period mentioned above. However, prior sentences of any length imposed on defendants when they were juveniles and not certified as adults or prior sentences imposed on defendants certified as adults that were 13 months or less in length are not counted unless such a sentence was imposed (or the defendant was incarcerated in connection with that sentence) within 5 years of the defendant's commission of the instant federal offense.[9]

• Chapter 4 has **time limitations** for counting prior sentences exceeding 13 months (which may only be counted if a defendant was incarcerated in connection with such a prior sentence at any point within 15 years before the defendant's commission of the instant federal offense) and also for prior sentences of 13 months or less (which may only be counted if such a sentence was imposed, or if the defendant was incarcerated at any point, within 10 years of the defendant's commission of the instant federal offense).[10]

---

[7] USSG § 4A1.2(a)(3), (b)(2).

[8] USSG § 4A1.2(c).

[9] USSG § 4A1.2(d).

[10] USSG § 4A1.2(e).

• **Tribal court** convictions and certain **military** convictions are categorically excluded.[11]

### III.   Chapter 4's Roots in the United States Parole Commission's Salient Factor Score and Its Validity as a Recidivism Predictor

Chapter 4 of the sentencing guidelines was modeled on the United States Parole Commission's Salient Factor Score (SFS), an empirically-based, validated risk-assessment instrument used to make parole decisions.[12]  Chapter 4, although it contains certain rules that differ from the simpler SFS, is fundamentally similar to the SFS.  For instance, both exclude "stale" prior convictions and numerous types of misdemeanor offenses from consideration in calculating an offender's criminal history score.[13]  Like the SFS, Chapter 4 also performs well as validated risk assessment instrument.  As the Sentencing Commission's 2017 empirical study of recidivism by federal offenders

---

[11]  USSG § 4A1.2(g), (i).

[12]  *The History of the Original United States Sentencing Commission, 1985-87*, 45 HOFSTRA L. REV. at 1288-89; *see also* Peter B. Hoffman & James L. Beck, *Recidivism among Released Federal Prisoners: Salient Factor Score and Five-Year Follow-Up*, 12 CRIM. JUST. & BEHAV. 501 (1985) (demonstrating the predictive power of the SFS).

[13]  *See* U.S. Sent. Comm'n, *A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score* 2 (Jan. 4, 2005) ("[T]he CHC [Criminal History Category of Chapter 4 of the *Guidelines Manual*] relies heavily, but not exclusively, upon the empirical foundation of the SFS.  For example, both the SFS and the CHC focus on the number and timing of prior criminal history events. However, the computation strategy of the individual scores, the time periods employed, and the assignment of points differ.  Nonetheless, the SFS and the CHC remain related in structure."), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2005/20050104_Recidivism_Salient_Factor_Computation.pdf

found, "the various components of Chapter Four of the Guidelines Manual . . . are strong predictors of recidivism."[14]

## IV.    BOP Program Statement P5100.08's Criminal History Provision

According to P5100.08, when BOP officials determine federal prisoners' security levels, they must consider the prisoners' "criminal history scores" as that term is used in the federal sentencing guidelines.  However, for D.C. Code offenders and others who did not have a criminal history score determined in prior federal sentencing proceedings or in a presentence report prepared by a federal probation officer, BOP officials themselves create what is deemed to be the equivalent of a federal guidelines' criminal history score using an NCIC (National Criminal Information Center) III[15] report and apply the following rules:

> In some cases the Criminal History Points are not available (i.e., when the PSR is waived, on offenses committed prior to November 1, 1987, state cases, and military and D.C. Code offenders).  Under these circumstances the Criminal History Score will be derived from the criminal history documented in the NCIC III Report according to the following procedures:
>
> > (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month;

---

[14] U.S. Sent. Comm'n, *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders* 14 (Mar. 2017), available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf.

[15] "III" refers to the Interstate Identification Index.  *See* FBI, *Interstate Identification Index (III) National Fingerprint File (NFF)*, https://www.fbi.gov/services/cjis/compact-council/interstate-identification-index-iii-national-fingerprint-file-nff.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a);

(c) Add 1 point for each prior conviction not counted in (a) or (b), up to a total of 4 points for this item; and,

(d) Add 2 points if the instant offense is a revocation accompanied by a new state or federal conviction, or if the instant offense occurred while under federal supervision including incarceration, probation, parole or supervised release.

P5011.08, Chapter 4, pages 8-9, available at https://www.bop.gov/policy/progstat/5100_008cn.pdf.

## V.   Differences Between the Criminal History Scoring Methods of the Chapter 4 of the Sentencing Guidelines and Program Statement P5100.08.

There are eight significant differences between the scoring rules in Chapter 4 and

Program Statement P5100.08:

• Unlike Chapter 4, the program statement does not exclude prior sentences for convictions that were imposed on the same day or included in the same charging instrument as the instant offense resulting in the incarceration in the BOP (and were not separated by an intervening arrest).

• Unlike Chapter 4, the program statement does not have any time limitations on "stale" prior convictions.

• Unlike Chapter 4, the program statement does not exclude from consideration any prior convictions for offense conduct committed when the defendant was under age 18.

• Unlike Chapter 4, the program statement does not exclude from consideration any misdemeanor convictions.

• Unlike Chapter 4, the program statement does not exclude from consideration a prior conviction that encompassed "relevant conduct" to the instant offense that resulted in the prisoner's current incarceration.

• Unlike Chapter 4, the program statement does not exclude consideration of suspended sentences.

• Unlike Chapter 4, the program statement does not exclude consideration of tribal court convictions and certain military convictions.

• Unlike Chapter 4, the program statement adds 2 criminal history points "if the instant offense is a revocation accompanied by a new state or federal conviction."

## VI.    Disparate Treatment of D.C. Code Offenders Compared to Similarly Situated Federal Defendants in BOP Custody.

As a former full-time federal defense attorney for 13 years and later as a senior staff member at the Sentencing Commission who reviewed thousands of presentence reports during my decade at the Commission, I opine with a high level of confidence that application of the program statement's criminal history calculus generally will result in a higher criminal history score than application of Chapter 4's rules.  In particular, the program statement's consideration of (1) "stale" prior sentences (as defined by Chapter 4); (2) many types of misdemeanor convictions not counted under Chapter 4; (3) multiple prior sentences imposed for separate convictions on the same day and not separated by an intervening arrest; (4) suspended sentences; and (5) certain prior juvenile sentences not counted under Chapter 4 significantly increases many D.C. Code offenders' criminal history scores compared to the scores they would receive based on application of Chapter 4's rules.  I consider these five differences particularly significant because they likely implicate many D.C. Code offenders' prior convictions used by BOP officials in assessing their criminal history score under the program statement's rules.

8

Existing empirical research by the Sentencing Commission provides support for my conclusion.  In 2018, the Commission issued the findings of its large-scale study of nearly 62,000 federal defendants' criminal histories.[16]  Although that study did not address all of the criminal history scoring issues I have identified in this report, it did contain two findings that are very relevant:

> • "Just under half (43.5%) of federal offenders [studied] had at least one conviction for a petty or otherwise minor offense that was not assigned points under [§ 4A1.2(c) of] the sentencing guidelines. . . .  Among the . . . offenders with [uncounted] convictions for a petty or other minor crime, the average number of these convictions was 2.9 and the median was two."[17]

> • "Just over half (51.4%) of offenders with convictions had at least one stale conviction that was not assigned criminal history points [under § 4A1.2(e)] when the offender was sentenced. . . .  Among the . . . offenders with at least one stale conviction, the average number of stale convictions was 3.7 and the median was two."[18]

Thus, around half of all federal defendants have one or more "stale" prior convictions not assigned criminal history points and around one half also have one or more prior misdemeanor convictions not assigned criminal history points under Chapter 4's rules.  These two groups are not the same – meaning that it is very likely that *over half* of all federal defendants have prior sentences that are not assigned criminal history points solely based on *just two* of the limiting rules in Chapter 4 that do not exist

---

[16] U.S. Sent. Comm'n, *The Criminal History of Federal Offenders* (May 2018), available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180517_criminal-history.pdf.

[17] *Id.* at 12.

[18] *Id.* at 12.

in the BOP's program statement.  I have no reason to believe that D.C. Code offenders have criminal histories that, on average, differ significantly from federal defendants with respect to prior sentences that would be excluded under Chapter 4's rules.

Therefore, it is very likely that the application of the program statement's criminal history calculus to D.C. Code offenders on average yields higher criminal histories based only on consideration of "stale" prior sentences and misdemeanor offenses that are excluded from consideration under Chapter 4.  In many cases, the calculation of criminal histories will be much higher solely based on just these two types of criminal history events.  As noted, the Sentencing Commission found that the median number of excluded "stale" sentences for such offenders was two and the median number of excluded misdemeanor sentences for such offenders also was two. Even assuming just one criminal history point per criminal history event, for many D.C. Code offenders that would be an additional 4 criminal history points that would not be assessed under Chapter 4's rules.  It is very likely that the other rules in the program statement that differ from Chapter 4 – such as consideration of suspended sentences (which can result in 2 or 3 points under the program statement, as opposed to 1 point under Chapter 4, in the event a suspended prison sentence with probation was imposed in the prior case) – additionally increase the criminal history scores of at least some of D.C. Code offenders compared to similarly situated federal defendants in BOP custody.

Finally, I also note the significance of the BOP program statement's requirement that BOP officials determine D.C. code offenders' criminal history events from "NCIC

III" reports.  When I worked for the Sentencing Commission, we conducted recidivism studies using such reports, so I have some familiarity with them.  We often found erroneous information in them, such as a single conviction being reported as two separate convictions.  When a federal defendant's criminal history score is calculated by a federal probation officer preparing a presentence report – who are widely regarded as subject-matter experts in the Chapter 4 of the guidelines[19] – it is almost always calculated using actual judgments of conviction and not merely NCIC III reports.  Such court records will produce a more accurate criminal history score than solely using NCIC III reports.

---

[19] The former Acting Chair of the Sentencing Commission, Eleventh Circuit Judge William Pryor, has referred to federal probation officers as the "guardians of the guidelines" based on their expertise.  *See* William H. Pryor, *The Integral Role of Federal Probation Officers in the Guidelines System*, FED. PROB. 13, 17 (Sept. 2017), https://www.uscourts.gov/sites/default/files/81_2_2_0.pdf.

## CONCLUSION

In conclusion, I believe that the BOP program statement's criminal history score calculus very likely results in significantly higher criminal history scores for many, if not most, of D.C. Code offenders compared to the criminal history scores that would be assessed under the rules in Chapter 4 of the federal sentencing guidelines.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2021, in Gaithersburg, Maryland.

Brent E.

BRENT E. NEWTON

# APPENDIX

## §4A1.1 - CRIMINAL HISTORY CATEGORY

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this subsection.

(d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of **3** points for this subsection.

**Commentary**

The total criminal history points from §4A1.1 determine the criminal history category (I–VI) in the Sentencing Table in Chapter Five, Part A. The definitions and instructions in §4A1.2 govern the computation of the criminal history points. Therefore, §4A1.1 and §4A1.2 must be read together. The following notes highlight the interaction of §4A1.1 and §4A1.2.

**Application Notes:**

1. **§4A1.1(a).** Three points are added for each prior sentence of imprisonment exceeding one year and one month. There is no limit to the number of points that may be counted under this subsection. The term "***prior sentence***" is defined at §4A1.2(a). The term "***sentence of imprisonment***" is defined at §4A1.2(b). Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, *see* §4A1.2(k).

Certain prior sentences are not counted or are counted only under certain conditions:

A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period. *See* §§4A1.2(e).

A sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under this subsection only if it resulted from an adult conviction. *See* §§4A1.2(d).

A sentence for a foreign conviction, a conviction that has been expunged, or an invalid conviction is not counted. *See* §4A1.2(h) and (j) and the Commentary to §4A1.2.

2. **§4A1.1(b).** Two points are added for each prior sentence of imprisonment of at least sixty days not counted in §4A1.1(a). There is no limit to the number of points that may be counted under this subsection. The term "***prior sentence***" is defined at §4A1.2(a). The term "***sentence of imprisonment***" is defined at §4A1.2(b). Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, *see* §4A1.2(k).

Certain prior sentences are not counted or are counted only under certain conditions:

A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. *See* §4A1.2(e).

An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense. *See* §4A1.2(d).

Sentences for certain specified non-felony offenses are never counted. *See* §4A1.2(c)(2).

A sentence for a foreign conviction or a tribal court conviction, an expunged conviction, or an invalid conviction is not counted. *See* §4A1.2(h), (i), (j), and the Commentary to §4A1.2.

A military sentence is counted only if imposed by a general or special court-martial. *See* §4A1.2(g).

3. **§4A1.1(c).** One point is added for each prior sentence not counted under §4A1.1(a) or (b). A maximum of four points may be counted under this subsection. The term "***prior sentence***" is defined at §4A1.2(a).

14

Certain prior sentences are not counted or are counted only under certain conditions:

A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. *See* §4A1.2(e).

An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if imposed within five years of the defendant's commencement of the current offense. *See* §4A1.2(d).

Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. *See* §4A1.2(c)(1).

Sentences for certain specified non-felony offenses are never counted. *See* §4A1.2(c)(2).

A diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. *See* §4A1.2(f).

A sentence for a foreign conviction, a tribal court conviction, an expunged conviction, or an invalid conviction, is not counted. *See* §4A1.2(h), (i), (j), and the Commentary to §4A1.2.

A military sentence is counted only if imposed by a general or special court-martial. *See* §4A1.2(g).

4. **§4A1.1(d).** Two points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. *See* §4A1.2(n). For the purposes of this subsection, a "***criminal justice sentence***" means a sentence countable under §4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. *See* §4A1.2(m).

5. **§4A1.1(e).** In a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as a

single sentence (*see* §4A1.2(a)(2)), one point is added under §4A1.1(e) for each such sentence that did not result in any additional points under §4A1.1(a), (b), or (c). A total of up to 3 points may be added under §4A1.1(e). For purposes of this guideline, "***crime of violence***" has the meaning given that term in §4B1.2(a). *See* §4A1.2(p).

For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions. The sentences for these offenses were imposed on the same day and are treated as a single prior sentence. *See* §4A1.2(a)(2). If the defendant received a five-year sentence of imprisonment for one robbery and a four-year sentence of imprisonment for the other robbery (consecutively or concurrently), a total of 3 points is added under §4A1.1(a). An additional point is added under §4A1.1(e) because the second sentence did not result in any additional point(s) (under §4A1.1(a), (b), or (c)). In contrast, if the defendant received a one-year sentence of imprisonment for one robbery and a nine-month consecutive sentence of imprisonment for the other robbery, a total of 3 points also is added under §4A1.1(a) (a one-year sentence of imprisonment and a consecutive nine-month sentence of imprisonment are treated as a combined one-year-nine-month sentence of imprisonment). But no additional point is added under §4A1.1(e) because the sentence for the second robbery already resulted in an additional point under §4A1.1(a). Without the second sentence, the defendant would only have received two points under §4A1.1(b) for the one-year sentence of imprisonment.

**Background:** Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts. There are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor. In recognition of the imperfection of this measure however, §4A1.3 authorizes the court to depart from the otherwise applicable criminal history category in certain circumstances.

Subsections (a), (b), and (c) of §4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residency in a halfway house.

Section 4A1.1(d) adds two points if the defendant was under a criminal justice sentence during any part of the instant offense.

| | |
|---|---|
| *Historical Note* | Effective November 1, 1987. Amended effective November 1, 1989 (amendments 259-261); November 1, 1991 (amendments 381 and 382); October 27, 2003 (amendment 651); November 1, 2007 (amendment 709); November 1, 2010 (amendment 742); November 1, 2013 (amendment 777); November 1, 2015 (amendment 795). |

## §4A1.2 - DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY

(a) PRIOR SENTENCE

(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.

(2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. *See also* §4A1.1(e).

For purposes of applying §4A1.1(a), (b), and (c), if prior sentences are treated as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

(3) A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c).

(4) Where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under §4A1.1(c) if a sentence resulting from that conviction otherwise would be countable. In the case of a conviction for an offense set forth in §4A1.2(c)(1), apply this provision only where the sentence for such offense would be countable regardless of type or length.

"Convicted of an offense," for the purposes of this provision, means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.

(b) SENTENCE OF IMPRISONMENT DEFINED

(1) The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.

(2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.

(c) SENTENCES COUNTED AND EXCLUDED

Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

Careless or reckless driving

Contempt of court

Disorderly conduct or disturbing the peace

Driving without a license or with a revoked or suspended license

False information to a police officer

Gambling

Hindering or failure to obey a police officer

Insufficient funds check

Leaving the scene of an accident

Non-support

Prostitution

Resisting arrest

Trespassing.

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

Fish and game violations

Hitchhiking

Juvenile status offenses and truancy

Local ordinance violations (except those violations that are also violations under state criminal law)

Loitering

Minor traffic infractions (*e.g.*, speeding)

Public intoxication

Vagrancy.

(d) OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN

(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add **3** points under §4A1.1(a) for each such sentence.

(2) In any other case,

(A) add **2** points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

(B) add **1** point under §4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

(e) APPLICABLE TIME PERIOD

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

19

(3) Any prior sentence not within the time periods specified above is not counted.

(4) The applicable time period for certain sentences resulting from offenses committed prior to age eighteen is governed by §4A1.2(d)(2).

(f) DIVERSIONARY DISPOSITIONS

Diversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

(g) MILITARY SENTENCES

Sentences resulting from military offenses are counted if imposed by a general or special court-martial. Sentences imposed by a summary court-martial or Article 15 proceeding are not counted.

(h) FOREIGN SENTENCES

Sentences resulting from foreign convictions are not counted, but may be considered under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).

(i) TRIBAL COURT SENTENCES

Sentences resulting from tribal court convictions are not counted, but may be considered under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).

(j) EXPUNGED CONVICTIONS

Sentences for expunged convictions are not counted, but may be considered under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).

(k) REVOCATIONS OF PROBATION, PAROLE, MANDATORY RELEASE, OR SUPERVISED RELEASE

(1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for §4A1.1(a), (b), or (c), as applicable.

(2) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in §4A1.2(d)(2) and (e). For the purposes of determining the applicable time period, use the following: (A) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (*see* §4A1.2(e)(1)); (B) in the case of any other confinement sentence for an offense committed prior to the defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence (*see* §4A1.2(d)(2)(A)); and (C) in any other case, the date of the original sentence (*see* §4A1.2(d)(2)(B) and (e)(2)).

(l) SENTENCES ON APPEAL

Prior sentences under appeal are counted except as expressly provided below. In the case of a prior sentence, the execution of which has been stayed pending appeal, §4A1.1(a), (b), (c), (d), and (e)) shall apply as if the execution of such sentence had not been stayed.

(m) EFFECT OF A VIOLATION WARRANT

For the purposes of §4A1.1(d), a defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

(n) FAILURE TO REPORT FOR SERVICE OF SENTENCE OF IMPRISONMENT

For the purposes of §4A1.1(d), failure to report for service of a sentence of imprisonment shall be treated as an escape from such sentence.

(o) FELONY OFFENSE

For the purposes of §4A1.2(c), a "felony offense" means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed.

(p) CRIME OF VIOLENCE DEFINED

For the purposes of §4A1.1(e), the definition of "crime of violence" is that set forth in §4B1.2(a).

**Commentary**

**Application Notes:**

1. **Prior Sentence.**—"***Prior sentence***" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. *See* §4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct).

Under §4A1.2(a)(4), a conviction for which the defendant has not yet been sentenced is treated as if it were a prior sentence under §4A1.1(c) if a sentence resulting from such conviction otherwise would have been counted. In the case of an offense set forth in §4A1.2(c)(1) (which lists certain misdemeanor and petty offenses), a conviction for which the defendant has not yet been sentenced is treated as if it were a prior sentence under §4A1.2(a)(4) only where the offense is similar to the instant offense (because sentences for other offenses set forth in §4A1.2(c)(1) are counted only if they are of a specified type and length).

2. **Sentence of Imprisonment.**—To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time). *See* §4A1.2(a)(3) and (b)(2). For the purposes of applying §4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (*e.g.*, in the case of a determinate sentence of five years, the stated maximum is five years; in the case of an indeterminate sentence of one to five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed the defendant's twenty-first birthday, the stated maximum is the amount of time in pre-trial detention plus the amount of time between the date of sentence and the defendant's twenty-first birthday). That is, criminal history points are based on the sentence pronounced, not the length of time actually served. *See* §4A1.2(b)(1) and (2). A sentence of probation is to be treated as a sentence under §4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.

3. **Application of "Single Sentence" Rule (Subsection (a)(2)).**—

(A) **Predicate Offenses.**—In some cases, multiple prior sentences are treated as a single sentence for purposes of calculating the criminal history score under §4A1.1(a), (b), and (c). However, for purposes of determining predicate offenses, a prior sentence included in the single sentence should be treated as if it received criminal history points, if it independently would have received criminal history points. Therefore, an individual prior sentence may serve as a predicate under the career offender guideline (*see* §4B1.2(c)) or other guidelines with

predicate offenses, if it independently would have received criminal history points. However, because predicate offenses may be used only if they are counted "separately" from each other (*see* §4B1.2(c)), no more than one prior sentence in a given single sentence may be used as a predicate offense.

For example, a defendant's criminal history includes one robbery conviction and one theft conviction. The sentences for these offenses were imposed on the same day, eight years ago, and are treated as a single sentence under §4A1.2(a)(2). If the defendant received a one-year sentence of imprisonment for the robbery and a two-year sentence of imprisonment for the theft, to be served concurrently, a total of 3 points is added under §4A1.1(a). Because this particular robbery met the definition of a felony crime of violence and independently would have received 2 criminal history points under §4A1.1(b), it may serve as a predicate under the career offender guideline.

Note, however, that if the sentences in the example above were imposed thirteen years ago, the robbery independently would have received no criminal history points under §4A1.1(b), because it was not imposed within ten years of the defendant's commencement of the instant offense. *See* §4A1.2(e)(2). Accordingly, it may not serve as a predicate under the career offender guideline.

(B) **Upward Departure Provision.**—Treating multiple prior sentences as a single sentence may result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that the defendant presents to the public. In such a case, an upward departure may be warranted. For example, if a defendant was convicted of a number of serious non-violent offenses committed on different occasions, and the resulting sentences were treated as a single sentence because either the sentences resulted from offenses contained in the same charging instrument or the defendant was sentenced for these offenses on the same day, the assignment of a single set of points may not adequately reflect the seriousness of the defendant's criminal history or the frequency with which the defendant has committed crimes.

4. **Sentences Imposed in the Alternative.**—A sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment (*e.g.*, $1,000 fine or ninety days' imprisonment) is treated as a non-imprisonment sentence.

5. **Sentences for Driving While Intoxicated or Under the Influence.**— Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified. Paragraphs (1) and (2) of §4A1.2(c) do not apply.

6. **Reversed, Vacated, or Invalidated Convictions.**—Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

Nonetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).

7. **Offenses Committed Prior to Age Eighteen.**—Section 4A1.2(d) covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," this provision applies to all offenses committed prior to age eighteen.

8. **Applicable Time Period.**—Section 4A1.2(d)(2) and (e) establishes the time period within which prior sentences are counted. As used in §4A1.2(d)(2) and (e), the term "***commencement of the instant offense***" includes any relevant conduct. *See* §1B1.3 (Relevant Conduct). If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under §4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)).

9. **Diversionary Dispositions.**—Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.

10. **Convictions Set Aside or Defendant Pardoned.**—A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to

innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. §4A1.2(j).

11. **Revocations to be Considered.**—Section 4A1.2(k) covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month. Rather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence. By this approach, no more than three points will be assessed for a single conviction, even if probation or conditional release was subsequently revoked. If the sentence originally imposed, the sentence imposed upon revocation, or the total of both sentences exceeded one year and one month, the maximum three points would be assigned. If, however, at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation.

Where a revocation applies to multiple sentences, and such sentences are counted separately under §4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points. **Example:** A defendant was serving two probationary sentences, each counted separately under §4A1.2(a)(2); probation was revoked on both sentences as a result of the same violation conduct; and the defendant was sentenced to a total of 45 days of imprisonment. If one sentence had been a "straight" probationary sentence and the other had been a probationary sentence that had required service of 15 days of imprisonment, the revocation term of imprisonment (45 days) would be added to the probationary sentence that had the 15-day term of imprisonment. This would result in a total of 2 criminal history points under §4A1.1(b) (for the combined 60-day term of imprisonment) and 1 criminal history point under §4A1.1(c) (for the other probationary sentence).

12. **Application of Subsection (c).**—

(A) **In General.**—In determining whether an unlisted offense is similar to an offense listed in subsection (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

(B) **Local Ordinance Violations.**—A number of local jurisdictions have enacted ordinances covering certain offenses (*e.g.*, larceny and assault misdemeanors) that are also violations of state criminal law. This enables a local court (*e.g.*, a municipal court) to exercise jurisdiction over such offenses. Such offenses are excluded from the definition of local ordinance violations in §4A1.2(c)(2) and, therefore, sentences for such offenses are to be treated as if the defendant had been convicted under state law.

(C) **Insufficient Funds Check.**—"*Insufficient funds check*," as used in §4A1.2(c)(1), does not include any conviction establishing that the defendant used a false name or non-existent account.

**Background:** Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.

| | |
|---|---|
| *Historical Note* | Effective November 1, 1987. Amended effective November 1, 1989 (amendments 262-265); November 1, 1990 (amendments 352 and 353); November 1, 1991 (amendments 381 and 382); November 1, 1992 (amendment 472); November 1, 1993 (amendment 493); November 1, 2007 (amendment 709); November 1, 2010 (amendment 742); November 1, 2011 (amendment 758); November 1, 2012 (amendment 766); November 1, 2013 (amendment 777); November 1, 2015 (amendment 795); November 1, 2018 (amendment 813). |