# EXHIBIT D

## DECLARATION OF JONATHAN BLADES

1. I am a resident at USP Pollock in Louisiana. USP Pollock is a high security penitentiary within the Federal Bureau of Prisons. My federal register number is 39342-007.

2. Earlier this year, I became aware that my criminal history score is scored differently than individuals with federal convictions that are incarcerated in the Bureau of Prisons. Because I have D.C. convictions, my criminal history points are tallied according to the guidelines laid out in Chapter 4 of the BOP Program Statement 5100.08 "Inmate Security Designation and Custody Classification"—not according to the U.S. Sentencing Guidelines like individuals with federal convictions.

3. My criminal history score is higher than it would be if I were scored under the U.S. Sentencing Guidelines. This affects my custody score, which is what the BOP uses to approve transfers to lower security level institutions, i.e. Federal Correctional Institutions.

4. When I found out that I was being treated and scored differently than individuals with federal convictions, I was upset. I am suffering because I am treated unfairly and it is harder for me to get opportunities that other people just like me are getting.

5. When I found out, I handed an informal complaint (BP-8) to Counselor Dickson. The BP-8 asked that my Criminal History Score be scored according to the US Sentencing Guidelines and that my custody classification be adjusted.

6. On May 11, 2021, I placed a Request for Administrative Remedy (BP-9) in the mailbox on my unit to be sent to the Warden of USP Pollock. The Warden's office received my BP-9 on May 14, 2021 and denied my request.

7. On June 21, 2021, I mailed a Regional Administrative Appeal (BP-10) to the Regional Director of the South Central Region of the BOP.

8. After waiting more than a month for a response and not getting one, I mailed an appeal to the General Counsel of the BOP (BP-11) on July 30, 2021.

9. On August 4, 2021, I got a response to my June 21, 2021 BP-10. It denied my request because I had not included all of the right color copies of the prior denials and requests. It said I had 15 days to fix my request. On August 7, 2021, I mailed another BP-10. I tried to explain that the facility had been on modified lockdown because of the pandemic and was on full lockdown a lot, which made it very difficult for me to use a copier or to get the colored copies of the BP forms. Also, my Counselor would sometimes not come to work

for days or weeks during the pandemic, and there was no one else I could get the forms from. I asked for a review of my request on the merits.

10. On August 19, 2021, my second Regional Administrative Appeal was denied (BP-10), and on August 27, 2021, my appeal to the General Counsel (BP-11) was denied.

11. On September 30, 2021, I was able to use a copier and on October 4, 2021, I resubmitted the BP-11 to the General Counsel with the copies of my previous denials attached.

12. I have exhausted the administrative remedy process and no one has told me why my criminal history score is tallied differently than individuals with federal convictions.

13. I am mistreated because I am scored differently than people with the same criminal history. I don't understand why I am being treated worse only because I am from D.C.

14. This makes it more difficult for me to get to a lower security institution. I have been trying to transfer to a medium security Federal Correctional Institution for the past year and I have requested that I be transferred to an FCI as soon as possible. I have also requested to be released to home confinement. The BOP denied my request.

15. When I started serving my sentence, I spent about 16 months at FCI Cumberland, a medium security facility in Maryland, and about 22 months at FCI Fort Dix, a low security facility in New Jersey.

16. Based on my experiences at FCIs and USPs, I am hurt by not being able to be in a medium or low security facility for the following reasons:

    a. More Programming: There is a greater variety and greater number of educational and vocational programming opportunities at lower security facilities. Programming provides me the opportunity to rehabilitate myself and lets me build skills that I can use to find jobs when released. I don't have the same opportunities to build skills and improve my education right now, which puts me at a disadvantage. Programming is also harder to complete at high-security penitentiaries because we go on lockdown so much that it can take many months to finish just one program. For instance, when I was at FCI Cumberland and FCI Fort Dix, I was able to take part in college courses that are not offered at USPs because we are on lockdown all the time.

    b. Increased Freedoms: At USP Pollock, I am locked down and confined to my cell for the majority of the day, which is really hard on me mentally and physically. I

am only allowed out of my cell for 2-3 hours a day and in that time, I have to do everything I need to do, including using the computers, showering, calling my family, and doing legal research. At FCIs, I would be out of my cell for most of the day, with the exception of count, which happens in the afternoon. At FCIs, the cell doors open early in the morning and do not close until the late evening. I could move around the entire compound during the day to go to the gym, to go outside, to go to the medical office, and to do programming. I also had access to the phone more frequently to call my family. At a low security facility, the cell doors are never locked, so I could leave the cell whenever I wanted to use the communal bathrooms and to use the phone. At medium and low security facilities, I had the ability to go outside and breath fresh air every day. I am injured by not being able to go outside or communicate with my family reliably.

c. <u>Decreased risk of violence</u>: I have experienced much higher levels of violence at the USP than in the lesser security facilities. At US Penitentiaries, there is a much greater likelihood that fights can escalate and become more dangerous quickly. There is more gang violence and there are more rules that I need to follow in order to keep myself from being attacked. Even something as simple as trying to use the phone can become deadly if I do not use it at the right time. That type of violence is not typical at a medium or lower security facility. I am scared and in fear of my safety at a USP.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on the  5  th of October, 2021.

*Jonathan Blades*
Jonathan Blades

```
     POLGX   606.00 *       MALE CUSTODY CLASSIFICATION FORM        *        09-30-2021
     PAGE 001 OF 001                                                          09:49:37
                                    (A) IDENTIFYING DATA
     REG NO..: 39342-007             FORM DATE: 05-26-2021          ORG: DSC
     NAME....: BLADES, JONATHAN
                                            MGTV: GRTR SECU
     PUB SFTY: GRT SVRTY                    MVED: 05-26-2022
                                     (B) BASE SCORING
     DETAINER: (0) NONE              SEVERITY.......: (7) GREATEST
     MOS REL.: 17                    CRIM HIST SCORE: (04) 6 POINTS
     ESCAPES.: (0) NONE              VIOLENCE.......: (5) < 5 YRS MINOR
     VOL SURR: (0) N/A               AGE CATEGORY...: (2) 36 THROUGH 54
     EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                                     (C) CUSTODY SCORING
     TIME SERVED....: (5) 76-90%     PROG PARTICIPAT: (0) POOR
     LIVING SKILLS..: (2) GOOD       TYPE DISCIP RPT: (0) GREATEST
     FREQ DISCIP RPT.: (3) NONE      FAMILY/COMMUN..: (4) GOOD

                           --- LEVEL AND CUSTODY SUMMARY ---
     BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
     +18  +14    +1        +19      MEDIUM       HIGH            IN     INCREASE


     G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Blades, Jonathan**   393.42.007   B2   USP Pollock
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** I disagree with the decision on the informal complaint and I am filing a administrative remedy request. My name Jonathan Blades and my rights are being violated because of the BOP discriminatory policy. I just found out that this policy treats me unfairly & differently than the rest of the inmates in the BOP because of the fact I am from DC. Because I am from DC my criminal history score is calculated according to the BOP guidelines rather than the US sentencing guidelines like the rest of the federal inmates (Program Statement 5100.08. This is unfair because this score is to determine my access to programming. No one has been able to explain why some of my old convictions are counted as points in the criminal history calculations but they are not counted for other people. Please rescore my criminal history points according to the US sentencing guidelines so that I am treated like everyone else. I am placing this form in the mailbox on my unit on this date 5.11.21... Thank you for helping.

5.11.21
DATE                                             Jonathan Blades
                                                 SIGNATURE OF REQUESTER

**Part B- RESPONSE**

WARDEN'S OFFICE

MAY 14 '21 9:43E

RCVD

DATE                                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                       CASE NUMBER: **1080768-F1**

                                                 CASE NUMBER: _____

**Part C- RECEIPT**
Return to: **Blades, Jonathan**   393.42.007   B2   USP Pollock
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: Requesting my criminal history points be rescored correctly

5.11.21
DATE                                             RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                          BP-229(13)

**FEDERAL CORRECTIONAL COMPLEX**
**POLLOCK, LOUISIANA**

**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1080768-F1**

| **BLADES, Jonathan** | **39342-007** | **B-2** |
|---|---|---|
| **INMATE NAME** | **REGISTER NUMBER** | **UNIT** |

This is in response to your Request for Administrative Remedy #1080768-F1, received in the Warden's Office on May 14, 2021, wherein you request your criminal history points be rescored.

A review of this matter revealed you are serving a 120-month sentence for Assault with Intent to Kill While Armed, Possession of a Firearm during a Crime of Violence, and Aggravated Assault while Armed.

On May 12, 2021, your Custody Classification Form was updated as part of the transfer referral process. At that time, your Criminal History Points/Score was calculated based on your prior convictions, in accordance with Bureau of Prison's Policy.

Program Statement 5100.08, <u>Inmate Security Designation and Custody Classification</u>, states in part, "In some cases the Criminal History Points are not available (i.e., when the PSR is waived, on offenses committed prior to November 1, 1987, state cases, and military and D.C. Code offenders). Under these circumstances the Criminal History Score will be derived from the criminal history documented in the NCIC III Report according to the following procedures:

   (a)   Add 3 points for each prior sentence of imprisonment exceeding one year and one month;

   (b)   Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a);

   (c)   Add 1 point for each prior conviction not counted in (a) or (b), up to a total of 4 points for this item; and,

BLADES, Jonathan, Reg. No. 39342-007
Administrative Remedy #1080768-F1
Page Two

    (d)   Add 2 points if the instant offense is a revocation accompanied by a new state or federal conviction, or if the instant offense occurred while under federal supervision including incarceration, probation, parole or supervised release."

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Regional Office, U.S. Armed Forces Reserve Complex, 344 Marine Forces Drive, Grand Prairie, Texas, 75051. Your appeal must be received in the South Central Regional Office within 20 days of the date of this response.

_____
C. McConnell, Complex Warden

6-8-2021
Date