UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JONATHAN BLADES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-0279 (ABJ) |
| ) | |
| MERRICK B. GARLAND, ) | |
| *in his official capacity as* ) | |
| *Attorney General*, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The two named plaintiffs in this case challenge defendants' rule for calculating the criminal history of individuals who are serving sentences imposed by the D.C. Superior Court for D.C. Code offenses and held in the custody of the Federal Bureau of Prisons ("BOP"). Compl. [Dkt. # 1] at 1–2. When the case was first filed, plaintiffs were such individuals, but since that time, they have left BOP custody. *See* Compl. ¶¶ 13, 16; Pls.' Resp. to Show Cause Order [Dkt. # 73] ("Pls.' Resp.") at 1.

Upon consideration of defendants' opposition to plaintiffs' motion to lift the stay that had been in effect in this case [Dkt. # 64], and plaintiffs' motion to amend the complaint [Dkt. #68], the Court determined that it was necessary to assure itself that it still had subject matter jurisdiction over this case. On August 20, 2024, it ordered plaintiffs to show cause why they still had standing to bring this action at this time given that they are no longer in BOP custody. Minute Order (Aug. 20, 2024). Plaintiffs responded to the Court on August 26, 2024, acknowledging that "the original Plaintiffs' individual claims have become moot," but asserting the Court may grant their

1

motion to amend the complaint to add two named plaintiffs who are currently in BOP custody and who are subject to the challenged rule.  Pls.' Resp. at 1; *see* Mot. for Leave to File First Am. Compl. [Dkt. # 68].

Article III, section 2 of the Constitution limits the jurisdiction of the federal courts to "actual 'Cases' and 'Controversies.'"  *Utah v. Evans,* 536 U.S. 452, 459 (2002).  The interrelated doctrines of standing and mootness "give life to this requirement."  *Citizens for Resp. & Ethics in Washington v. Wheeler*, 352 F. Supp. 3d 1, 8 (D.D.C. 2019).  Standing concerns a "plaintiff's 'concrete stake' at the outset of the litigation," while mootness concerns "whether the parties maintain a 'continuing interest' in the litigation today."  *Id.*, quoting *Hardaway v. Dist. of Columbia Housing Auth.*, 843 F.3d 973, 979 (D.C. Cir. 2016).  A case is moot if "the parties lack a legally cognizable interest in the outcome," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), and "mootness must be assessed at all stages of the litigation to ensure a live controversy remains." *Aref v. Lynch*, 833 F.3d 242, 250 (D.C. Cir. 2016) (internal quotation marks omitted).

Plaintiffs cite *Scahill v. District of Columbia*, 909 F.3d 1177 (D.C. Cir. 2018), for the principle that a plaintiff may "cure" a "defect under Article III" "through a supplemental pleading alleging facts that arose after the original complaint was filed."  Pls.' Resp. at 2, quoting *Scahill*, 909 F.3d at 1184.  They assert that this ruling "was based on the idea that dismissing the case on standing grounds would 'force[] a plaintiff to go through the unnecessary hassle and expense of filing a new lawsuit when events subsequent to filing the original complaint have fixed the jurisdictional problem.'"  *Id.*, quoting 909 F.3d at 1184.

But *Scahill* involved the application of the curable defect exception to issue preclusion, which the D.C. Circuit ruled the plaintiff in that case had properly invoked.  *See Scahill*, 909 F.3d at 1184.  Further, it allowed for amendment of the pleading "when events occurring after the

original filing indicate[d] a right to relief." *Id.* at 1183 (internal edits omitted).  This case involves neither issue preclusion nor the curable defect doctrine; it involves events occurring after the original filing that rendered the only named plaintiffs' claims moot.  Plaintiffs acknowledge that neither the Supreme Court nor the D.C. Circuit has addressed "whether a putative class of Plaintiffs can amend a complaint to add additional named Plaintiffs after the original Plaintiffs' individual claims have become moot during the pendency of litigation."  Pls.' Resp. at 1 (footnote omitted).  Indeed, plaintiffs do not oppose defendants' request to dismiss the case *sua sponte* if the Court continues to doubt its subject matter jurisdiction.  Pls.' Resp. at 1–2; *see* Defs.' Surreply [Dkt. # 67] at 2 (asking the Court to *sua sponte* dismiss the case for lack of subject matter jurisdiction).

Under the circumstances, the Court finds that there is no longer a live controversy in this case because neither named plaintiff "maintain[s] a continuing interest in the litigation today." *Hardaway*, 843 F.3d at 979 (internal quotation marks omitted).  In light of this finding, the binding authority set forth above, and plaintiffs' lack of opposition to defendants' motion to dismiss, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  August 28, 2024